# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JANE ROE and JOHN ROE, individually  )
and next friends of ROBERT ROE,       )
a minor,                              )
                                      )
          Plaintiffs,         )
                                      )
vs.                                   )   Case No. CIV-16-695-M
                                      )
JOHN DOE #1, individually, et al.,    )
                                      )
          Defendants.         )

## ORDER

Before the Court is plaintiffs' Motion to Join Parties and for the Court to Reconsider Its Previous Order Dismissing State Law Claims, filed January 25, 2018. On February 13, 2018, the Oklahoma Department of Human Services ("DHS") filed its response, and on February 14, 2018, defendant Moore School District ("District") filed its response. Plaintiffs have filed no reply. Based upon the parties' submissions, the Court makes its determination.

I.    Motion to Join Parties

Plaintiffs alleged in their Petition that both a District and a DHS employee were present in a school office, and one of them removed the child-plaintiff's clothes and inappropriately touched the child's genitals and photographed the child on or about April 15, 2016. Plaintiffs assert that in recent discovery they learned the identity of Jane Doe as Joann Thompson and the identity of John Doe #1 as Jeff Dilbeck. In light of this discovery, plaintiffs move this Court for leave to join Ms. Thompson and Mr. Dilbeck as defendants in place of Jane Doe and John Doe #1.

In its response, District contends that based upon her deposition testimony, plaintiff Jane Roe has known since April 2014 that Jeff Dilbeck was John Doe #1 and that Joann Thompson was Jane Doe. District further contends that Mr. Dilbeck and Ms. Thompson should have been named

as defendants by plaintiffs when they initially filed the case in 2016 and that it is prejudicial to both Mr. Dilbeck and Ms. Thompson to add them at this point in time.

Having reviewed the parties' submissions, the Court finds that plaintiffs should not be granted leave to join Mr. Dilbeck and Ms. Thompson as defendants in this case. Specifically, the Court finds that plaintiffs have unreasonably delayed in moving to join Mr. Dilbeck and Ms. Thompson since they were aware of the identities of John Doe #1 and Jane Doe since April 2014. The Court further finds that Mr. Dilbeck and Ms. Thompson will be unduly prejudiced by their joinder nearly two years after this case was filed.

II.     Motion to Reconsider

On December 6, 2016, this Court granted in part and denied in part District's motion to dismiss and granted DHS's motion to dismiss. *See* December 6, 2016 Order [docket no. 29]. As part of the Court's Order, the Court dismissed plaintiffs' Oklahoma Constitutional claims and dismissed DHS. Plaintiffs now move this Court to reconsider the Court's dismissal of these claims and asserts that there has been further case law development on the matter.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds the primary case plaintiffs rely upon, *Deal v. Brooks*, 389 P.3d 375 (Okla. Civ. App. 2016), is not an intervening change in the

controlling law. The *Deal* case restated the legal holding of *GJA v. Okla. Dep't of Human Servs.*, 347 P.3d 310 (Okla. Civ. App. 2015), which was briefed by the parties and considered by the Court in dismissing plaintiffs' Oklahoma Constitutional claims. Further, the Court finds that plaintiffs unduly delayed in seeking reconsideration. The mandate in the *Deal* case ordering the opinion to be published and according precedential value was issued on December 12, 2016, more than a year prior to plaintiffs' filing of the instant motion.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiffs' Motion to Join Parties and for the Court to Reconsider Its Previous Order Dismissing State Law Claims [docket no. 43].

**IT IS SO ORDERED this 6th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE